UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOEL ESPINOZA, | ) | 1:10-cv-01211-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR STAY OF PROCEEDINGS |
| | ) | ON PETITION FOR WRIT OF HABEAS |
| v. | ) | CORPUS  (Doc. 1) |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| RAUL LOPEZ, | ) | TO ADMINISTRATIVELY CLOSE CASE |
| | ) | |
| Respondent. | ) | ORDER DIRECTING PETITIONER TO FILE |
| | ) | REGULAR STATUS REPORTS |
| | | |
| | | ORDER DIRECTING PETITIONER TO |
| | | NOTIFY COURT WITHIN THIRTY DAYS |
| | | OF ANY FINAL ORDER REGARDING |
| | | EXHAUSTION OF GROUNDS THREE AND |
| | | FOUR |

Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his federal petition on July 1, 2010. (Doc. 1). In the instant petition, Petitioner, challenging his 2007 conviction for first degree murder in the Kings County Superior Court and resulting an indeterminate sentence of twenty-five years to life, raises four grounds for relief: (1) ineffective assistance of trial counsel in failing to move for separate trials;  (2) insufficient evidence of deliberation and premeditation; (3) ineffective assistance of counsel in failing to conduct an adequate investigation; and (4) cumulative error . (Doc. 1, pp. 11-12).

In the petition, Petitioner indicates that Grounds One and Two have been exhausted by presentation to the California Supreme Court, but that Grounds Three and Four have not been exhausted, although Petitioner further states that the latter two grounds are the subject of pending state habeas corpus petitions. (Id., p. 12). Petitioner seeks an order from this Court staying proceedings until Petitioner has exhausted Grounds Three and Four. (Id., p. 13).

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims, such as the instant petition. Rose v. Lundy, 455 U.S. 509 (1982). That changed with the United States Supreme Court's decision in Rhines v. Weber, 544 U.S. 269 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 276-

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

277.  In so holding, the Supreme Court noted that the procedure should be "available only in limited circumstances."  544 U.S. at 277.  Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay."  Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005).  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  Rhines, 544 U.S. at 278.

In a ruling subsequent to Rhines, the Ninth Circuit re-affirmed the vitality of *both* the Rhines two-step stay procedure as well as the Kelly three-step stay procedure:

> Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them in state court.  In contrast, the three-step procedure outlined in Kelly allows the stay of fully exhausted petitions, requiring that the unexhausted claims be dismissed.

King v. Ryan, 564 F.3d 1133, 1139-1140 (9th Cir. 2009).  There are, however, significant distinctions between the two procedures.  First, claims exhausted during a Rhines stay are not subject to timeliness challenges since the mixed petition remains pending throughout the stay procedure.  Id. at p. 1140.  In contrast, any claim exhausted during a Kelly stay must "relate back" to the claims in the original petition under the doctrine set forth in Mayle v. Feliz, 545 U.S. 644 (2005), or else be timely filed under the AEDPA's one-year statute of limitation.  Id.   Additionally, petitioners seeking to avail themselves of a Rhines stay must make the additional showing of good cause, something not required under Kelly.  Id. at 1143.

Here, Petitioner has expressly requested a Rhines stay.  (Doc. 1, pp. 19-20).  Accordingly, the Court will analyze Petitioner's request under the criteria set forth by the United States Supreme Court in that case.

Under Rhines, the Court must first determine whether good cause exists for Petitioner's failure to exhaust and whether there is any indication that Petitioner engaged in "abusive litigation tactics or intentional delay."  Rhines, 544 U.S. at 277-278.  Petitioner's counsel has indicated that he was retained in February 2010 to present the instant habeas claims, that counsel has been

1 investigating the basis for claims of ineffective assistance of counsel, that he is presently
2 interviewing witnesses, and that, because the attorney against whom these ineffectiveness claims are
3 predicated continued to represent Petitioner until shortly before present counsel was retained, the
4 grounds for ineffectiveness continued to accrue.  (Id., pp. 22-23).

5     Based on the foregoing, the Court finds that good cause exists for Petitioner's failure to
6 exhaust Grounds Three and Four and that there is no indication that Petitioner has engaged in
7 "abusive litigation tactics or intentional delay."  Therefore, neither of these criteria represent
8 obstacles for granting a stay under Rhines.

9     Next, in order to grant a Rhines stay, the Court must also make a finding that the claim or
10 claims a petitioner is seeking to exhaust are not "plainly meritless."  Rhines,  544 U.S. at 277-278.
11 Here, Petitioner's request for stay contains a lengthy discussion of the various bases for his
12 contention that former counsel provided ineffective assistance, including, inter alia, the fact that the
13 co-defendant's counsel referred to Petitioner's guilt in closing argument, the fact that the co-
14 defendants had antagonistic defenses and the absence of any tactical or strategic legal reason not to
15 move for severance.  However, such arguments go to exhausted Ground One, failure to move for a
16 severance, not to unexhausted Ground Three, lack of an adequate investigation.  Indeed, Petitioner
17 provides no further details regarding the claims he wishes to exhaust in state court beyond the
18 abbreviated explanation referred to above.   While the Court expresses no opinion regarding the
19 likelihood that such a claim for ineffective assistance of counsel or cumulative error would
20 ultimately entitled Petitioner to relief in these proceedings, nevertheless, even based on Petitioner's
21 sparse allegations, the Court cannot find that Grounds Three and Four, at this juncture, are "plainly
22 meritless."

23     Therefore, the Court will grant Petitioner's motion for a stay of the proceedings and will hold
24 the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies.

25     However, the Court will not indefinitely hold the petition in abeyance.  See Taylor, 134 F.3d
26 at 988 n. 11.  **No later than thirty (30) days after the date of service of this Order Petitioner**
27 **must inform the Court of the status of the habeas proceedings in state court, including the**
28

**dates his cases were filed, the case numbers, and any outcomes.**[2]  **Further, Petitioner must proceed diligently to pursue his state court remedies, and every sixty (60) days after the filing of the initial status report, Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings.**  Following final action by the state courts, Petitioner will be allowed thirty (30) days within which to notify the Court that he has fully exhausted Grounds Three and Four.  At that point, the Court will issue a new briefing schedule regarding the claims in the instant petition.  Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order.  Kelly, 315 F.3d at 1071.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 1), is GRANTED;

2. Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state remedies regarding Grounds Three and Four;

3. Petitioner is DIRECTED **to file a status report within thirty (30) days** of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

4. Petitioner is DIRECTED to file a <u>new</u> status report *every sixty (60) days* after the filing of the initial status report; and

5. Petitioner is DIRECTED to notify the Court within thirty days of any final order of the state courts regarding Grounds Three and Four;

6. The Clerk of the Court is DIRECTED to ADMINISTRATIVELY CLOSE the case.  The Court will direct the Clerk of the Court to re-open the case when and if the stay is lifted.

IT IS SO ORDERED.

Dated:   **July 22, 2010**                                         /s/ Jennifer L. Thurston
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[2]The filing should be entitled "Status Report."

U.S. District Court
E. D. California

5