1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   JOEL ESPINOZA,                          )   Case No.: 1:10-cv-01211-JLT
                                              )
12                  Petitioner,               )   FINDINGS AND RECOMMENDATIONS TO
                                              )   GRANT RESPONDENT'S MOTION TO DISMISS
13          v.                                )   THE FIRST AMENDED PETITION AS
                                              )   UNTIMELY (Doc. 29)
14   RAUL LOPEZ,                              )
                                              )
15                  Respondent.               )   ORDER DIRECTING CLERK OF THE COURT TO
                                              )   ASSIGN CASE TO DISTRICT JUDGE
16                                            )
                                              )   ORDER REQUIRING OBJECTIONS TO BE
17                                            )   FILED WITHIN TWENTY DAYS
     _____ )
18

19          Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of

20   habeas corpus pursuant to 28 U.S.C. § 2254.

21                                  **PROCEDURAL HISTORY**

22          The instant petition was filed on July 1, 2010. On July 23, 2010, the Court granted Petitioner's

23   request to stay proceedings pending exhaustion of state court remedies.  (Doc. 7).  On March 12, 2012,

24   after being advised that the exhaustion process was complete, the Court ordered Petitioner to file an

25   amended petition listing all claims, including any newly-exhausted claims.  (Doc. 21).  On April 11,

26   2012, Petitioner filed a first amended petition.  (Doc. 24).  On April 13, 2012, the Court ordered

27   Respondent to file a response.  (Doc. 25).  On May 17, 2012, Respondent filed the instant motion to

28   dismiss, arguing that the petition was untimely and should be dismissed.  (Doc. 29).  On May 31,

                                              1

2012, Petitioner filed his opposition to the motion to dismiss.  (Doc. 31).  On July 5, 2012, Respondent filed a reply.  (Doc. 32).

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. § 2244(d)(1)'s one year limitation period.  Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B.  Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  The instant petition was filed on July 1, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, Petitioner was convicted on September 26, 2007, in the Kings County Superior Court, of one count of first degree murder.  (Doc. 1, p. 9).  He was sentenced to an indeterminate term of 25-years-to-life.  (Id.).  Petitioner filed a petition for review that was denied by the California Supreme Court on April 1, 2009.  (Doc. 30, Lodged Documents ("LD") 6).  Thus, direct review of Petitioner's conviction would have concluded on June 30, 2009, when the ninety-day period for seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have one year from the following day, July 1, 2009, or until June 30, 2010, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed electronically with the Court on July 1, 2010, one day after the one-year period expired.  In his opposition, Petitioner contends that, under the "anniversary method" of calculating dates pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the petition was timely.  (Doc. 31, p. 2).  Though Petitioner is correct that the anniversary method applies, he is incorrect when he argues his petition is timely.

In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing Rule 6 of the Federal Rules of Civil Procedure). Every federal circuit that has addressed the issue has concluded that Rule 6's method, i.e., the "anniversary" method, for calculating a time period applies to the AEDPA's one-year limitation period.  See Rogers v. United States, 180 F.3d 349, 355, n. 13 (1st Cir. 1999); Mickens v. United States, 148 F.3d 145, 148 (2nd Cir. 1998); Hernandez v. Caldwell, 225 F.3d 435, 436 (4th Cir. 2000); Flanagan v. Johnson, 154 F.3d 196, 200-202 (5th Cir. 1998); Bronaugh v. Ohio, 235 F.3d 280, 284-285 (6th Cir. 2000); United States v. Marcello, 212 F.3d 1005, 1009-1010 (7th Cir. 2000); Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999).  Under the "anniversary" method, the first day of the one-year limitations period is the day after the triggering event, thus giving petitioners "until the close of business on the anniversary date of…" the triggering event to file a federal habeas petition.  United States v. Marcello, 212 F.3d at 1010; see Patterson, 251 F.3d at 1247.  Indeed, in Patterson, the Ninth Circuit, applying the anniversary method to determine AEDPA limitation period, expressly noted Marcello's observation that the anniversary method "has the advantage of being easier for petitioners, their attorneys and the courts to remember and apply":

> Both the calendar-year and the anniversary method are reasonable—what matters is establishing an unequivocal rule that lets litigants know where they stand and spares judges from becoming enmeshed in such nitpicking in the future.  Because courts do not have stopwatches in hand when deadlines draw near, and because the anniversary date is clear and predictable and therefore easier for litigants to remember, for lawyers to put in their tickler files, and for courts to administer, we adopt the anniversary rule.  The first day of the 1-year limitation period is the day after the Supreme Court denies certiorari, giving defendants until the close of business on the anniversary date of the certiorari denial to file their habeas motion. The anniversary date will be the last day to file even when the intervening period includes the extra leap year day.

Marcello, 212 F.3d at 1010.

1    Applying the foregoing principles in this case, the triggering "event" under Rule 6 was the end

2    of the ninety-day period following the date the California Supreme Court denied Petitioner's petition

3    for review, i.e., June 30, 2009.  The one-year "anniversary" of the "event" triggering the statute of

4    limitation under Rule 6, was, therefore, June 30, 2010, which was, necessarily, the final day for filing

5    a timely federal petition.  Petitioner thus had until the close of business on June 30, 2010 within which

6    to file his petition in a timely manner.  From the foregoing, it is quite clear that the petition is untimely

7    by a single day.  Hence, unless Petitioner is entitled to either statutory or equitable tolling, the petition

8    should be dismissed.

9    A.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

10    Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

11    application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

12    2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

13    governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

14    U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

15    petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay

16    in the intervals between a lower court decision and the filing of a petition in a higher court.

17    Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

18    by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

19    omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

20    536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

21    (9th Cir. 1999).

22    Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.

23    For example, no statutory tolling is allowed for the period of time between finality of an appeal and

24    the filing of an application for post-conviction or other collateral review in state court, because no

25    state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007; Raspberry v.

26    Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the

27    period between finality of an appeal and the filing of a federal petition.  Id. at 1007.  In addition, the

28    limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v.

5

1   _Walker_, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, _Fail v. Hubbard_, 315 F. 3d 1059,

2   1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to

3   statutory tolling where the limitation period has already run prior to filing a state habeas petition.

4   _Ferguson v. Palmateer_, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the

5   reinitiation of the limitations period that has ended before the state petition was filed."); _Jiminez v._

6   _White_, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling

7   when the petitioner's later petition raises unrelated claims.  See _Gaston v. Palmer_, 447 F.3d 1165,

8   1166 (9th Cir. 2006).

9         Petitioner does not allege, prior to filing the original petition on July 1, 2010, that he filed any

10  state habeas proceedings that would be entitled to statutory tolling under the AEDPA.   Accordingly,

11  Petitioner is not entitled to statutory tolling.

12        B.  _Equitable Tolling_.

13        The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable

14  tolling in appropriate cases.  See _Holland v. Florida_, __U.S.__, 130 S.Ct. 2549, 2561 (2010); _Calderon_

15  _v. United States Dist. Ct._, 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to

16  equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to

17  file the petition on time."  _Shannon v. Newland_, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal

18  quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of

19  diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations

20  may be appropriate."  _Miles v. Prunty_, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant

21  seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing

22  his rights diligently, and (2) that some extraordinary circumstance stood in his way."   _Holland_, 130

23  S.Ct. at 2652; _Pace v. DiGuglielmo_, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold

24  necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."

25  _Miranda v. Castro_, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence,

26  "equitable tolling is unavailable in most cases."  _Miles_, 187 F. 3d at 1107.

27        Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the

28  record now before the Court, the Court sees no basis for such a claim.  However, Petitioner argues that

the Court impliedly found the petition timely when it granted Petitioner's motion for a stay of proceedings.  (Doc. 31, p. 4).  This contention is without merit.

        The issues raised by Petitioner in his request for a stay of proceedings to exhaust claims is entirely separate and distinct from the question of whether the petition was timely.  In applying the federal standard for determining whether to grant Petitioner's request for a stay, the Court had no occasion to expressly consider whether the petition had been timely filed.  While Petitioner's frustration with having completed the exhaustion process as well as having filed an amended petition only to discover that the original petition was untimely is understandable, it is, nevertheless, Petitioner's responsibility to ensure that the petition is timely filed and to demonstrate the applicability of any statutory or equitable tolling that would affect the petition's timeliness.  See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). This he has failed to do.

        Giving Petitioner's opposition to the motion to dismiss its most generous construction, it may also be construed as an implicit argument for equitable tolling on the grounds that Petitioner's retained attorney committed negligence in miscalculating the due date for the original petition.  Unfortunately for Petitioner, such simple negligence is not grounds for equitable tolling.  Attorney negligence, including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling to the 2244(d)(1) limitation period.  Holland v. Florida, 130 S.Ct. 2549; Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010); Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003);  Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).  It is only when attorney misconduct is sufficiently egregious to meet the "extraordinary misconduct standard" that it can be a basis for applying equitable tolling.  Spitsyn, 345 F.3d at 801.  In Spitsyn, the attorney was retained a full year in advance of the deadline, but failed to prepare or file a petition even though the attorney was repeatedly contacted by both the client and the client's mother, and a grievance was filed with the state bar association complaining about the lack of response.  Also, despite a letter terminating the representation and requesting the file, the file was not turned over until two months after the expiration of the filing deadline.  The conduct was held to be sufficiently egregious to warrant equitable tolling.  Id. at 798, 801.

Here, by contrast, retained counsel made the simple, but nevertheless critical, mistake of applying the incorrect "calendar year" method, rather than the correct "anniversary" method, to calculate the running of the one-year limitation period.  This resulted in the filing of the petition one day after the limitation period had expired.  Such simple negligence, however, is patently <u>not</u> the kind of "extraordinary misconduct" discussed in <u>Spitsyn</u>.  Accordingly, it does not entitled Petitioner to equitable tolling.

Finally, Petitioner appears to imply that the Court can simply disregard the untimeliness issue in the interests of justice.  (Doc. 31, pp. 1-2).  Though the Court agrees that such a flexible approach would ameliorate situations such as the one in the instant case, Congress, in passing the AEDPA, did not give district courts such discretion.  Indeed, the Court is unaware of any case, other than those involving equitable tolling, that ascribe to the district courts any leeway to proceed to the merits of an otherwise untimely petition.

## ORDER

For the foregoing reasons, the Court HEREBY DIRECTS the Clerk of the Court to assign this case to a United States District Judge.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 29), be GRANTED and the first amended habeas corpus petition (Doc. 24), be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 21, 2012**                         **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE